UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| NANCY BATAL-SHOLLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Docket No. 2:21-cv-00376-NT |
| ) | |
| MARILYN BATAL, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Before me is the Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (ECF No. 42). For the reasons stated below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**FACTUAL BACKGROUND**

The facts of this case have been discussed at length in my orders on the first motion to dismiss and motion for attachment and trustee process, and, rather than repeat them here, I include facts as necessary to deal with the arguments raised by the Defendants' motion. For a more thorough recitation of the allegations, see *Batal-Sholler v. Batal*, No. 2:21-cv-00376-NT, 2023 WL 2273950 (D. Me. Feb. 28, 2023) and *Batal-Sholler v. Batal*, 621 F. Supp. 3d 122 (D. Me. 2022). What the case boils down to is a dispute between a daughter and her stepmother and deceased father. The daughter, Plaintiff Nancy Batal-Scholler, alleges that her father, Ed Batal, reneged on his promise to sell her his insurance agency, Batal Corporation (the "**Agency**" or the "**Corporation**"). Nancy also claims that her stepmother, Marilyn Batal, drove a

wedge between Nancy and Ed, and tortiously interfered with Nancy's inheritance and economic interest. Nancy[1] brought a host of claims against Marilyn, the Agency, the Agency's Defined Contribution Plan (the "**Plan**"), and the Batal Family Living Trust (the "**Trust**").

## PROCEDURAL BACKGROUND

On December 31, 2021, Nancy filed a Complaint in this Court alleging sixteen violations of state and federal law against Marilyn (both personally and as the personal representative of Ed's estate), the Trust, the Agency, and the Edward B. Batal Defined Contribution Plan. Compl. (ECF No. 1). On August 15, 2022, I dismissed four RICO claims against all the Defendants and all claims against the Plan and against Marilyn in her capacity as personal representative of Ed's estate. Order on Defs.' Mot. to Dismiss ("**First Order**") 35 (ECF No. 29).

Following my dismissal of the RICO claims, the Plaintiff filed her First Amended Complaint (the "**FAC**") (ECF No. 41).[2] Although the FAC contains some new allegations[3] and brings claims against Marilyn only in her individual capacity,[4] factually it largely repeats the allegations of original Complaint. The FAC reasserts

---

[1] Because several individuals involved in this case share the same last name, I refer to them by their first names to avoid confusion.

[2] I also granted the Plaintiff leave to file a supplement to her motion for an order of attachment. Order on Defs.' Mot. to Dismiss 35 (ECF No. 29). On February 28, 2023, I denied the Plaintiff's motion for an order of attachment. Order on Pl.'s Suppl. Mot. for Order of Attach. & Trustee Process (ECF No. 49).

[3] *See, e.g.*, First Am. Compl. ("**FAC**") ¶¶ 12–20, 37, 49 (ECF No. 41).

[4] *See* FAC ¶ 10.

the twelve remaining claims. The Plaintiff brings four claims under the Employee Retirement Income Security Act ("**ERISA**"): (1) an interference claim pursuant to ERISA § 510 against the Agency and Marilyn (Count I); a claim for benefits pursuant to ERISA § 502(a)(1)(B) against the Agency (Count II); a breach of fiduciary duty claim pursuant to ERISA § 502(a)(2) against Marilyn (Count III); and an equitable relief claim pursuant to ERISA § 502(a)(3) against the Agency and Marilyn (Count IV). FAC 42–47. The Plaintiff asserts state claims for: fraud against Marilyn, the Agency, and the Trust (together, the "**Defendants**") (Count V); negligent misrepresentation against all of the Defendants (Count VI); violations of the Maine Uniform Fraudulent Transfers Act ("**MUFTA**") against Marilyn and the Trust (Count VII); tortious interference with expectancy of inheritance against Marilyn and the Trust (Count VIII); tortious interference with prospective economic advantage against Marilyn (Count IX); unpaid overtime against the Agency (Count X); unpaid minimum wages against the Agency (Count XI); and misappropriation of trade secrets in violation of the Maine Uniform Trade Secrets Act ("**MUTSA**") against the Agency (Count XII). FAC 47–57.

## LEGAL BACKGROUND

When evaluating a motion to dismiss, I take "as true all well-pleaded facts alleged in the complaint and draw all reasonable inferences therefrom in the pleader's favor." *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021) (quoting *Santiago v. Puerto Rico*, 655 F.3d 61, 72 (1st Cir. 2011)). To get past the motion to dismiss stage, the Plaintiff need not put forward "detailed factual allegations," but she must offer "more

3

than an unadorned, the-defendant-unlawfully-harmed-me accusation" and more than " 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). She also cannot make " 'naked assertions' devoid of 'further factual enhancement.' " *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## DISCUSSION

The Defendants seek to dismiss the claims against them on various grounds. I take the Defendants' arguments in the order in which they were presented.

### I. The Probate Code as a Potential Time Bar to the Extent the Plaintiff Seeks to Enforce a Judgment Against the Estate

In my order on the first motion to dismiss, I found that claims against Marilyn in her capacity as personal representative of the estate were time-barred under Maine's Probate Code. First Order 34. The Defendants ask that I "clarify to Plaintiff that her claims against the Corporation are not viable to the extent she seeks to enforce them against the Estate" because of the Probate Code's time limitations on claims against an estate. Defs.' Mot. 7. The Defendants make clear that they are not asking that I dismiss claims against the Agency, but only that I issue guidance that would signal to the Plaintiff that the road she is on is a dead-end street.

4

The Plaintiff resists this request for clarification on the ground that Marilyn (no longer a party in her capacity as personal representative of the Estate) lacks standing to raise this issue, and also on the ground that "the facts concerning Batal Corp.'s status and the likelihood of Nancy securing a judgment against the corporation are not yet sufficiently developed." Pl.'s Opp'n. at 2–3. Plaintiff argues that any ruling would be advisory.

I agree with the Plaintiff that there is nothing for me to rule on here. The Defendants are not seeking the dismissal of the counts against the Agency. They ask me only to provide guidance that would put the Plaintiff on notice that she will not be able to collect any judgment she gets against the Agency from the Estate or Marilyn in her capacity as personal representative of the Estate.

I trust that Plaintiff's counsel is familiar with the applicable law. The Probate Code is clear that claims against a decedent's estate that arose before the death of the decedent must be brought within nine months after the decedent's death. 18-C M.R.S.A. § 3-803(1)(A). And claims arising after the death of the decedent must be presented "within the later of 4 months after it arises or the time specified in subsection 1, paragraph A." *Id.* § 3-803(3)(B). The Probate Code also makes clear that "[a]ll claims . . . whether due or to become due, absolute or contingent, liquidated or unliquidated, founded on contract, tort or other legal basis" fall within the time limitations unless they fall within certain exceptions that are not alleged to be applicable here. *Id.* at § 3-803(1), (4). And Section 3-804 of the Probate Code, which sets forth the "[m]anner of presentation of claims," provides that:

5

> [t]he claimant may commence a proceeding against the personal representative in any court where the personal representative may be subjected to jurisdiction to obtain payment of the claimant's claim against the estate, but the commencement of the proceeding must occur within the time limited for presenting the claim.

*Id.* § 3-804(2).

At this point, it remains to be seen whether the Plaintiff will prevail against the Agency or whether she will attempt to collect anything from the Estate if she does get a judgment against the Agency. Unless and until these contingencies are met, there is no need for any ruling.

## II. Claims Against the Trust

The Defendants next contend that all claims against the Trust should be dismissed because a trust cannot be sued under Maine law. Defs.' Mot. 7. In her opposition to the motion to dismiss, the Plaintiff agreed to dismiss her claims against the Trust. Pl.'s Opp'n to Mot. to Dismiss First Am. Compl. ("**Pl.'s Opp'n**") 5 (ECF No. 45). As such, Count V (fraud);[5] Count VI (negligent misrepresentation); Count VII (MUFTA); and Count VIII (tortious interference with expectancy of inheritance) are dismissed against the Trust.

## III. Remaining Claims

The Defendants next argue that the ERISA counts against Marilyn (Counts I, III, and IV), the claims sounding in fraud (Counts V, VI, VIII, and IX), the Uniform

---

[5] The Plaintiff's opposition does not specifically list the fraud claim as it does the others; however, it makes it clear that the Plaintiff agrees to the dismissal of all claims against the Trust, which includes the fraud claim. *See* Pl.'s Opp'n to Mot. to Dismiss First Am. Compl. ("**Pl.'s Opp'n**") 5 (ECF No. 45).

Fraudulent Transfer Act claim (Count VII) and the Maine Uniform Trade Secrets Act claim (Count XII) should each be dismissed for failure to state a claim.

The Plaintiff opposed the motion to dismiss the ERISA claims and claims sounding in fraud on the grounds that the Defendants could have argued for dismissal on these grounds in their first motion to dismiss, and that they are precluded from getting a second bite at the apple. Pl.'s Opp'n 6. Rule 12(g)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 12(h)(2) or (3),[6] a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from the earlier motion." Fed. R. Civ. P. 12(g)(2). In their Reply, Defendants point out that the courts commonly allow a second motion to dismiss where, after the first motion to dismiss, the plaintiff files an amended complaint. Defs.' Reply in Supp. of Their Mot. to Dismiss 3 (ECF No. 48)

It is well recognized that "if the plaintiff has raised new matter in the amended complaint that may be vulnerable to one of the defenses enumerated in Rule 12(b), the defendant may assert that defense by a pre-answer motion . . . even if she did not assert it initially." 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1347 (3d. ed.). Here, however, the Defendants do not point to anything new in the FAC that makes it vulnerable to a Rule 12(b)(6) motion where it was not previously vulnerable. As far as I can tell from a close comparison of the Complaint

---

[6] According to the 12(h)(2) exception, a 12(b)(6) motion for failure to state a claim "may be raised: . . . (B) by a motion under Rule 12(c); or (C) at trial." Fed. R. Civ. P. 12(h)(2). Rule 12(h)(3) contains an exception for motions asserting lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

with the FAC, the Plaintiff has changed very little in the way of her substantive allegations. She has, pursuant to my Order on the first motion to dismiss, removed references to the RICO counts and references to claims against Marilyn in her capacity as personal representative of the estate, and she has added "allegations" pertaining to the Agency and Maine's law on dissolved corporations, FAC ¶¶ 12–20, but otherwise the FAC's allegations are nearly identical to those made in the original Complaint. If there is something in the FAC that made the Plaintiff more vulnerable, the Defendants have not called it to my attention. The arguments they make for dismissal of the ERISA claims and claims sounding in fraud could have been made in their first motion to dismiss. As such, I DENY the motion to dismiss those claims.

The Defendants' motion to dismiss the Plaintiff's MUFTA and MUTSA claims (Counts VII and XII) are different. Nowhere in her opposition to the motion to dismiss does the Plaintiff address the Defendants' arguments regarding the MUFTA and trade secrets claims. The Plaintiff makes not even so much as a fleeting reference to the argument she made in opposition to the ERISA and fraud claims. "[A] litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir. 1990) (quoting *Rivera-Gomez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)). The Plaintiff, in failing to offer any argument in response to the motion to dismiss the MUFTA and MUTSA claims, has missed her chance. *See Perkins v. City of Attleboro*, 969 F. Supp. 2d 158, 177 (D. Mass. 2013). Counts VII and XII are dismissed.

## CONCLUSION

For the reasons stated above, the Court **GRANTS IN PART** and **DENIES IN PART** the Defendants' motion to dismiss (ECF No. 42). The motion is **GRANTED** with respect to Counts VII and XII. The motion is **GRANTED** with respect to all claims against the Trust. The motion is **DENIED** as to Counts I, III, IV, V, VI, VIII, and IX as alleged against Marilyn. The following claims remain: Count I against the Agency and Marilyn; Count II against the Agency; Count III against Marilyn; Count IV against the Agency and Marilyn; Count V against the Agency and Marilyn; Count VI against the Agency and Marilyn; Count VIII against Marilyn; Count IX against Marilyn; Count X against the Agency; and Count XI against the Agency.

SO ORDERED.

/s/ Nancy Torresen<br>
United States District Judge

Dated this 11th day of September, 2023.