UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

NANCY BATAL-SHOLLER,      )
                                    )
        Plaintiff       )
                                    )
v.                    )      No. 2:21-cv-00376-NT
                                    )
MARILYN BATAL et al.,      )
                                    )
        Defendants    )

ORDER RE: DISCOVERY DISPUTE

Plaintiff Nancy Batal-Sholler designated Mark Filler as a non-retained expert whom she expects to call to testify about his valuation of the business at the heart of this lawsuit. *See* ECF No. 57-1; Fed. R. Civ. P. 26(a)(2)(C). In her designation, Nancy noted that Filler was previously designated as an expert by Defendant Marilyn Batal in a separate but related state court case. *See* ECF No. 57-1. Marilyn, unsurprisingly, objects to Nancy's designation of Filler. *See* ECF No. 57. I held a discovery hearing regarding the dispute, *see* ECF No. 60, after which the parties filed letter briefs at my request, *see* ECF Nos. 62-63.

Having now reviewed the letter briefs and cited authorities, I conclude that Nancy has not satisfied her burden to show that her designation of Filler as a non-retained expert is proper. *See Meier v. UHS of Del., Inc.*, No. 4:18-cv-00615, 2020 WL 923952, at *8 (E.D. Tex. Feb. 26, 2020) ("It is the Plaintiffs' burden to demonstrate that their experts are non-retained experts."). Filler works as a professional expert witness and has no firsthand factual knowledge about this case—

1

he was retained by Marilyn in a different case to provide an expert opinion. *See* ECF No. 57-1; *Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) (explaining that a non-retained expert's "opinion testimony arises not from his enlistment as an expert but, rather, from his *ground-level involvement in the events giving rise to the litigation*" (emphasis added)).

The cases cited by Nancy in which a party was allowed to call the opposing side's expert are distinguishable because they involved experts designated in the case at issue rather than in another case. *Cf. Penn Nat'l Ins. v. HNI Corp.*, 245 F.R.D. 190, 193-94 (M.D. Penn. 2007) (noting that the designation of an expert in a case subjects the expert's opinion "to the scrutiny of trial" and the opposing side may call the expert to testify).

Accordingly, treating Marilyn's request for a discovery hearing as a motion to strike Nancy's designation of Filler as a non-retained expert, I will **GRANT** it and **STRIKE** the designation.

With that said, Filler's opinion does appear to have some relevance to this case. Nancy could try her luck by subpoenaing Filler anyway. *See, e.g., Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536 (2d Cir. 1972) ("The weight of authority holds that, although it is not the usual practice, a court does have the power to subpoena an expert witness and, though it cannot require him to conduct any examinations or experiments to prepare himself for trial, it can require him to state whatever opinions he may have previously formed."); *In re Schaefer*, 331 F.R.D. 603, 609-10 (W.D. Penn. 2019) (citing Fed. R. Civ. P. 45(d)(3)(C)(i)) (noting that an expert otherwise

uninvolved in a case may be subpoenaed to appear if the subpoenaing party can show "a substantial need for [the expert's] testimony that cannot otherwise be met without undue hardship" but that making such a showing is a "heavy burden"). But I would also entertain a reasonable request for more time for Nancy to retain her own valuation expert, which I suspect would be a much simpler process.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.*

Dated: April 19, 2024

/s/ Karen Frink Wolf
United States Magistrate Judge